FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 11 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

CASSANDRA WOODS,

                    Plaintiff,

      - against -

START TREATMENT & RECOVERY
CENTERS, INC.,

                    Defendant.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

13 Civ. 4719 (AMD) (SMG)

**ANN DONNELLY,** District Judge.

The plaintiff alleges violations of the Family and Medical Leave Act ("FMLA" or "the Act") against her employer, START Treatment & Recover Centers, Inc., and seeks to recover damages. In anticipation of the trial, scheduled to begin on April 4, 2016, the parties have asked the Court for a determination of what the plaintiff must show to prove an FMLA retaliation claim. For the reasons described below, I hold that in order to prevail on her retaliation claim under the FMLA, the plaintiff must prove that she would not have been terminated *but for* the retaliation against her for taking FMLA protected leave.

## ANALYSIS

The FMLA entitles an eligible employee to take up to twelve work weeks of unpaid leave per year if the employee has a serious health condition that makes her unable to perform the functions of her position. 29 U.S.C.A. § 2612(a)(1)(D). The employee then has the right to return to the same or equivalent position. 29 U.S.C.A. § 2614(a)(1). Under the Act, it is unlawful for an employer to "interfere with, restrain, or deny" an employee from exercising her

1

rights under the FMLA. 29 U.S.C. § 2615(a)(1). In addition, the Act prohibits an employer from discriminating against or discharging an employee "for opposing any practice made unlawful" by the Act. 29 USC § 2615(a)(2).[1]

In this case, the plaintiff complains that the defendant interfered with her rights and retaliated against her for taking FMLA-protected medical leave. Specifically, she appears to allege that she was barred from taking medical leave in February of 2011 and in March of 2012,[2] and that in May of 2012 she was terminated shortly after she took FMLA leave. While both the plaintiff's interference claim and her retaliation claim remain to be tried, I address only the plaintiff's retaliation claim in this decision.

A plaintiff's claim that an employer retaliated her against for exercising her rights under the FMLA is analyzed under the *McDonnell Douglas* framework. *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a *prima facie* case for retaliation, the plaintiff must establish "that: 1) [s]he exercised rights protected under the FMLA; 2) [s]he was qualified for the position; 3) [s]he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Potenza*, 365 F.3d at 168. If the plaintiff makes this showing, the burden then shifts to the defendant to "*articulate* (not *prove*), via admissible evidence, a legitimate reason for the employment decision." *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1180 (2d Cir. 1992) (emphasis in original). If the defendant meets

---

[1] The FMLA creates a private right of action to seek money damages and equitable relief. *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 174 (2d Cir. 2006) (citing *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 725 (2003)).
[2] In her Second Amended Complaint ("SAC"), the plaintiff alleged that she was denied FMLA leave in February of 2011 and then refused care in March of 2012 because she believed that taking FMLA leave would result in her termination. SAC ¶ 20, 28–30.

2

that standard, the burden shifts back to the plaintiff, who must then demonstrate that the defendant's articulated reason was a pretext for retaliation. *Id.* at 1180–81.

The parties disagree about the causation standard the plaintiff must satisfy to establish retaliation. According to the defendant, the plaintiff must prove that she would not have been terminated *but for* her taking protected FMLA leave. The plaintiff, on the other hand, asserts that she need only demonstrate that her taking of FMLA leave was a *motivating factor* in the employer's decision to terminate her. The statute, as noted above, makes it "unlawful for any employer to discharge . . . any individual *for* opposing any practice made unlawful" by the FMLA. 29 U.S.C.A. § 2615(a)(2).

The resolution of this question centers on the application of the Supreme Court's analysis of a similar provision in the Title VII context. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517 (2013). There, the Supreme Court held that retaliation claims under Title VII "must be proved according to traditional principles of but-for causation, not the lessened [motivating-factor] causation test" applicable to Title VII discrimination claims. *Id.* at 2533. In reaching this determination, the *Nassar* Court first observed that but-for causation, or "proof that the defendant's conduct did in fact cause the plaintiff's injury," is the "standard requirement of any tort claim." *Id.* at 2524–25 (citing Restatement of Torts § 9 (1934)). Thus, the Court reasoned that if Congress had intended to impose a different causation standard, it would have done so explicitly. *Id.* at 2525.

The Court then contrasted the anti-retaliation provision of Title VII with the section defining an unlawful employment practice, Section 2000e-2(m), which reads: "[A]n unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a *motivating factor* for any employment practice, even

though other factors also motivated the practice." 42 U.S.C.A. § 2000e-2(m) (emphasis added). However, the text of the Title VII motivating-factor provision says nothing about retaliation claims. *Id.*; *see also Nassar*, 133 S.Ct. at 2526.

Retaliation claims, the Court explained, are governed by Section 2000e-3(a) which reads in relevant part: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . *because* he has opposed any practice made an unlawful employment practice" by Title VII." 42 U.S.C.A. § 2000e-3(a) (emphasis added); *see also Nassar*, 133 S.Ct. at 2528. Because this provision does not include the "motivating factor" language, the Court held that Congress did not intend the motivating-factor test to apply to retaliation claims. *Id.* at 2528–29.

The Court also cited its 2009 holding in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009), interpreting the language of the Age Discrimination in Employment Act of 1967 ("ADEA") to require proof that age was the but-for cause of the employer's adverse decision. Title VII's anti-retaliation provision, like that of the ADEA, makes it unlawful to "discriminate against" an employee "*because* he has . . . participated" in protected activity, *compare Nassar*, 133 S.Ct. at 2528 (emphasis added) (quoting 42 U.S.C. § 2000e–3(a)) *with Gross*, 557 U.S. at 176.

Like the anti-retaliation provisions of Title VII and the ADEA, the anti-retaliation provision of the FMLA does not articulate a motivating factor test. Rather, the relevant provision of the FMLA makes it "unlawful for any employer to discharge . . . any individual *for* opposing any practice made unlawful" by the FMLA. 29 U.S.C.A. § 2615(a)(2). While the Department of Labor's regulations provide that "employers cannot use the taking of FMLA leave as a *negative factor* in employment actions, such as hiring, promotions or disciplinary actions,"

29 C.F.R. § 825.220(c) (emphasis added), those regulations do not override the language of the statute. Indeed, the Court in *Nassar* explicitly declined to defer to "longstanding agency views" of the Equal Employment Opportunity Commission that retaliation claims under Title VII were subject to the motivating-factor causation standard. *See Nassar*, 133 S.Ct. at 2533; *see also Chase v. U.S. Postal Serv.*, No. 12-cv-11182-DPW, 2013 WL 5948373, at *11 (D. Mass. Nov. 4, 2013).

Prior to the *Nassar* decision, "courts in this Circuit consistently held that a plaintiff asserting a retaliation claim under the FMLA needed to prove only that the FMLA leave was a *motivating factor* in the employer's adverse employment." *Brown*, 2014 WL 4175795, at *15 (emphasis added); *see also Matye v. City of New York*, No. 12-cv-5534-NGG-VVP, 2015 WL 1476839, at *18 (E.D.N.Y. Mar. 31, 2015) (collecting cases). The Second Circuit has yet to decide whether the *Nassar* rationale applies to FMLA retaliation claims. And district courts within and without this Circuit have differed on the issue. *See, e.g., Matye*, 2015 WL 1476839, at *18 (applying the motivating-factor test to the plaintiff's FMLA retaliation claim); *Housel v. Rochester Inst. of Tech.*, 6 F. Supp. 3d 294, 303–04 (W.D.N.Y. 2014) (applying but-for causation); *see also DiBlasi v. Liberty Mut. Grp. Inc.*, No. 12-cv-10967-RGS, 2014 WL 1331056, at *10 (D. Mass. Apr. 3, 2014) (applying but-for causation); *Taylor v. Rite Aid Corp.*, 993 F. Supp. 2d 551, 567 (D. Md. 2014) (applying but-for causation); *Latta v. U.S. Steel-Edgar Thompson Plant*, No. 11-cv-1622, 2013 WL 6252844, at *5 (W.D. Pa. Dec. 4, 2013) (applying but-for causation); *Sparks v. Sunshine Mills, Inc.*, No. 12-cv-02544-IPJ, 2013 WL 4760964, at *17 n.4 (N.D. Ala. Sept. 4, 2013) (applying but-for causation) *aff'd*, 580 F. App'x 759 (11th Cir. 2014); *Chaney v. Eberspaecher N. Am.*, 955 F. Supp. 2d 811, 813 n.1 (E.D. Mich. 2013) (applying the motivating-factor test).

5

While it has not yet opined on this subject, the Second Circuit has observed that "[t]he FMLA's anti-retaliation provision has the same underlying purpose as Title VII—and almost identical wording." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 164 (2d Cir. 2011). For that reason, the Second Circuit has applied Title VII standards to FMLA retaliation cases in other contexts. *See, e.g., id.* (applying Title VII standard for materially adverse action to the FMLA context); *Potenza*, 365 F.3d at 168 (applying *McDonnell Douglas* burden-shifting framework established by the Supreme Court for evaluating Title VII retaliatory discharge claims).

Reading the FMLA retaliation provision in light of the Supreme Court's decision in *Nassar* and the Second Circuit's observations about the similarities between Title VII and the FMLA, I conclude that the plaintiff's FMLA retaliation claim requires a showing that *but for* her taking protected FMLA leave, she would not have been terminated. The parties are advised that their proposed jury instructions should comport with this decision.

**SO ORDERED.**

                                                                 s/Ann M. Donnelly
                                                                 Ann M. Donnelly
                                                                 United States District Judge

Dated: Brooklyn, New York
       February 11, 2016