UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cassandra Woods,<br><br>Plaintiff,<br><br>-v-<br><br>START Treatment & Recovery Centers, Inc.,<br><br>Defendant. | Civil Action #: 13-CV-4719 (AMD)(SMG)<br><br><br>PLAINTIFF'S JURY INSTRUCTIONS |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS WITH PROPOSED VERDICT SHEETS (DAMAGES AND LIABILITY PHASES)**

ABDUL HASSAN LAW GROUP, PLLC
By: Abdul K. Hassan, Esq.
*Counsel for Plaintiff Cassandra Woods*
215-28 Hillside Avenue,
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com


SERVED ON MARCH 28, 2016

## TABLE OF CONTENTS

*Page*

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LIABILITY | 2 |
| | 1. Liability Based on FMLA Interference | 2 |
| |    A. Eligible Employee | 2 |
| |    B. Covered Employer | 3 |
| |    C. Serious Health Condition | 3 |
| |       (i) Inpatient Care | 3 |
| |       (ii) Continuing Treatment | 3 |
| |    D. Notice of FMLA Leave | 4 |
| |    E. Denial of FMLA Benefits/Rights | 5 |
| | 2. Liability Based on FMLA Retaliation | 7 |
| |    A. Exercise of FMLA Rights | 7 |
| |    B. Qualified for Position of Counselor | 7 |
| |    C. Adverse Employment Action | 9 |
| |    D. Inference of Retaliatory Intent | 9 |
| | 3. Adverse Inferences | 10 |
| | 4. Damages | 10 |
| |    A. After-acquired Evidence Defense | 11 |
| |    B. Mitigation of Damages Defenses | 11 |
| Proposed Verdict Sheet (Liability Phase) | | 12 |
| Proposed Verdict Sheet (Damages Phase) | | 13 |

## I.     INTRODUCTION

Pursuant to the provisions of Rule 51(a) of the Federal Rules of Civil Procedure and the orders and rules of the Court, Plaintiff Cassandra Woods ("Plaintiff" or "Woods"), kindly requests that this Honorable Court provide the following case-specific instructions to jurors along with the standard jury instructions, at the close of the evidence[1].

This case involves claims for wrongful termination of employment. In essence, Ms. Woods was employed by Defendant from July 2007 until she was terminated by Defendant on May 18, 2012. Ms. Woods claims that was terminated because she took leave from work under the Family and Medical Leave Act, which will also be referred to as the FMLA.

## II.     LIABILITY
### (Interference and Retaliation)

Under the FMLA, Plaintiff was entitled to up to 12 weeks of protected leave from work to care for her own serious health condition. The leave is considered protected, because employees who take FMLA leave are protected from adverse employment actions such as termination because they took such leave. More specifically, the FMLA prohibits an employer from interfering with an employee's FMLA rights, and the FMLA also prohibits an employer from retaliating or discriminating against an employee because that employee took FMLA leave or exercised her rights under the FMLA. In this case, Plaintiff is making both interference and retaliation claims, based on FMLA leave she took before she was terminated in May 2012. I will now address each of these claims.

---

[1] Plaintiff reserves the right to supplement these proposed instructions based on the evidence and proceedings at trial.

## 1.  Liability Based on FMLA Interference

In order to win or prevail on her FMLA interference claim, Plaintiff must prove by a preponderance of the evidence: 1) that she was an eligible employee under the FMLA; 2) that the Defendant was an employer as defined by the FMLA; 3) that she was entitled to take leave under the FMLA; 4) that she gave notice to the Defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under the FMLA.

[See *Graziadio v. Culinary Inst. of Am.*, No. 15-888-CV, 2016 WL 1055742, at *6 (2d Cir. Mar. 17, 2016)]

### A.  Eligible Employee

The parties have stipulated and agreed that Plaintiff was an eligible employee under the FMLA at all relevant times. This requirement is therefore established and proven.

### B.  Covered Employer

The parties have stipulated and agreed that Defendant was an employer as defined under the FMLA at all relevant times. This requirement is therefore established and proven.

### C.  Serious Health Condition

In terms of the serious health condition requirement, the FMLA defines "serious medical condition" as an "illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital ... or (B) continuing treatment by a health care provider." See 29 U.S.C. § 2611(11).

#### (i)  Inpatient Care

Inpatient care means an overnight stay in a hospital, hospice, or residential medical care facility, including any period of incapacity as defined in § 825.113(b), or any subsequent treatment in connection with such inpatient care. [29 CFR 825.114].

### (ii) Continuing Treatment

A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:

(a) Incapacity and treatment. A period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:

> (1) Treatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances exist, by a health care provider, by a nurse under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or
>
> (2) Treatment by a health care provider on at least one occasion, which results in a regimen of continuing treatment under the supervision of the health care provider.
>
> (3) The requirement in paragraphs (a)(1) and (2) of this section for treatment by a health care provider means an in-person visit to a health care provider. The first (or only) in-person treatment visit must take place within seven days of the first day of incapacity.
>
> (4) Whether additional treatment visits or a regimen of continuing treatment is necessary within the 30-day period shall be determined by the health care provider.

(5) The term extenuating circumstances in paragraph (a)(1) of this section means circumstances beyond the employee's control that prevent the follow-up visit from occurring as planned by the health care provider. Whether a given set of circumstances are extenuating depends on the facts. For example, extenuating circumstances exist if a health care provider determines that a second in-person visit is needed within the 30-day period, but the health care provider does not have any available appointments during that time period.

(c) Chronic conditions. Any period of incapacity or treatment for such incapacity due to a chronic serious health condition. A chronic serious health condition is one which:

(1) Requires periodic visits (defined as at least twice a year) for treatment by a health care provider, or by a nurse under direct supervision of a health care provider;

(2) Continues over an extended period of time (including recurring episodes of a single underlying condition); and

(3) May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.).

[29 CFR 825.115]

### D.  Notice of FMLA Leave

In terms of the notice requirement, when the need for FMLA leave is foreseeable, the employee must provide the employer with at least 30 days' notice before the date the leave is to begin.

[29 CFR 825.302(a)]

When the approximate timing of the need for leave is not foreseeable, such as in emergency situations, an employee is required to provide notice to the employer as soon as practicable under the facts and circumstances of the particular case.

[29 CFR 825.303(a)]

In providing notice under the FMLA, an employee needs to provide sufficient information for an employer to reasonably determine whether the FMLA may apply to the leave request. Depending on the situation, such information may include that a condition renders the employee unable to perform the functions of the job; that the employee is pregnant or has been hospitalized overnight. The employee is not required to mention the FMLA.

[29 CFR 825.303(b)]

### E.  Denial of FMLA Benefits and Rights

In terms of the fifth requirement – denial of an FMLA right, if you find the previous four requirements were established, you must then find that Plaintiff's leave or absence from April 21, 2012 to April 27, 2012, and any subsequent related absence for treatment was protected under the FMLA, and that Plaintiff was entitled to a reasonable extension of the May 2, 2012 deadline set be Defendant.

> [29 C.F.R. § 825.215(b).  Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1268-69 (11th Cir. 2008). See *Pagel v. TIN Inc.*, 695 F.3d 622, 629-30 (7th Cir. 2012) (reversing district court on FMLA claim based on argument by plaintiff that employer "interfered with his employment by failing to make a reasonable adjustment to its employment expectations to account for his FMLA-protected leave, and then terminating him when he failed to meet those unadjusted expectations." *Lewis v. School District # 70,* 523 F.3d 730, 743 (7th Cir.2008) (reversing the district court where "the employee offered evidence that her employer had expected her to complete all the duties of a full-time bookkeeper while she was taking intermittent FMLA leave, and then fired her for failing to meet that full-time standard."). *Wojan v. Alcon Labs., Inc.,* No. 07–11544, 2008 WL 4279365, at *5–6 (E.D.Mich. Sept. 15, 2008) (finding on interference claim that a jury could conclude employer used former sales representative's FMLA

5

leave against her by failing to adjust her sales quotas and performance scores to account for her protected leave and then terminating her for failing to meet that unadjusted standard)]

If you then find that Defendant failed to reasonably extend the May 2, 2012 deadline, you must then find that Defendant interfered with Plaintiff's FMLA rights to such an extension.

If you find that Defendant interfered with Plaintiff's FMLA rights by not reasonably extending the May 2, 2012 deadline, and if you find that Plaintiff's failure to meet the May 2, 2012 deadline was a negative factor in Plaintiff's termination, you must find that Defendant wrongfully terminated Plaintiff in violation of the FMLA. For Plaintiff's termination to be unlawful, Defendant's interference does not have to be the only negative factor – it only has to be one negative factor in the decision to terminate Plaintiff.

### 2. Liability Based on FMLA Retaliation[2]

In order to win or prevail on her FMLA retaliation claim, Plaintiff must prove by a preponderance of the evidence that: 1) she exercised rights protected under the FMLA; 2) she was qualified for her position; 3) she suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent.

[*Graziadio v. Culinary Inst. of Am.*, No. 15-888-CV, 2016 WL 1055742, at *11 (2d Cir. Mar. 17, 2016)]

---

[2] Plaintiff believes that this claim also qualifies as an interference claim under the FMLA at 29 U.S.C. 2615 (a)(1) which involves the exercise of basic leave rights like in this case. We are not dealing here with opposition (which is 29 U.S.C. 2615 (a)(2)) or with the filing of charges and FMLA proceedings. As such, there are different types of "retaliation" and they should not all be subject to the same standard. Retaliation because of someone's race, or because someone sues the employer is very different from taking an adverse action because someone is absent on FMLA leave – the same animus is not expected though intent/animus is present in this case. Significantly, in its recent decision in *Graziadio v. Culinary Inst. of Am.*, No. 15-888-CV, 2016 WL 1055742, at fn 6, 7 (2d Cir. Mar. 17, 2016), the Second Circuit noted that the question of whether the lower negative factor standard (29 C.F.R. 825.220(c)) applies to these types of FMLA "retaliation" claims, and whether but-for causation applies to FMLA claims, are still an open questions in the Second Circuit. However, we are using the higher standard in this case at this stage because of the rulings of this Court, without waving the right to raise this these issues on appeal, if necessary.

### A. Exercise of FMLA Rights

As to the first requirement – exercise of FMLA rights, the taking of FMLA leave is the exercise of an FMLA right. I have previously explained to you the requirements to qualify for FMLA leave. By way of reminder, for Plaintiff to have the right to FMLA leave, she must prove by a preponderance of the evidence: 1) that she was an eligible employee under the FMLA; 2) that the Defendant was an employer as defined by the FMLA; 3) that she was entitled to take leave under the FMLA; and 4) that she gave notice to the Defendant of her intention to take leave.

### B. Qualified for Position of Counselor

As to the second requirement – whether Plaintiff was qualified for her position as counselor, Plaintiff need only make a minimal showing that she possessed the basic skills necessary for performance of her job as counselor. You can find that Plaintiff had the basic qualifications for her job, even if Defendant claims that it was dissatisfied with her performance. Where discharge is at issue and the employer has already hired the employee, the inference of minimal qualification is not difficult to draw.

> [See Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 91-92 (2d Cir. 2001), as amended (June 6, 2001), in which the Second Circuit stated in relevant part as follows:
>
> As an initial matter, the district court overstated the requirements for a prima facie case. Instead of requiring Slattery to demonstrate that he was "qualified for the position," id., it demanded a showing that "he was performing his duties satisfactorily." We have ourselves used similar language. See McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir.1997). But in doing so we have not, of course, raised the standard set by the Supreme Court for what suffices to show qualification. See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); see also Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 358 n. 44, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). Thus a mere variation in terminology between "qualified for the position" and "performing ... satisfactorily" *92 would not be significant so long as, in substance, all that is required is that the plaintiff establish basic eligibility for the

7

position at issue, and not the greater showing that he satisfies the employer. The qualification prong must not, however, be interpreted in such a way as to shift onto the plaintiff an obligation to anticipate and disprove, in his prima facie case, the employer's proffer of a legitimate, non-discriminatory basis for its decision. As we have repeatedly held, the qualification necessary to shift the burden to defendant for an explanation of the adverse job action is minimal; plaintiff must show only that he "possesses the basic skills necessary for performance of [the] job." Owens v. New York City Housing Auth., 934 F.2d 405, 409 (2d Cir.1991) (internal quotation marks omitted). As a result, especially where discharge is at issue and the employer has already hired the employee, the inference of minimal qualification is not difficult to draw. See Gregory v. Daly, 243 F.3d 687, 695–96 (2d Cir.2001).

In this case, the court's use of the "satisfactory" rather than the "qualified" language became the basis for a heightened requirement. The district court found that because Swiss Re was dissatisfied with Slattery's work performance, Slattery had not established the second element of a prima facie claim. This was error. Although the defendant did properly offer up its dissatisfaction with Slattery's work performance as its legitimate business reason for discharge, there is no basis for the district court's conclusion that Slattery lacked even minimal qualification for a job whose duties he had been performing for seven years.]

### C. Adverse Employment Action

In terms of the third requirement, termination of employment is an adverse employment action and the parties do not dispute that Defendant terminated Plaintiff's employment on or about May 18, 2012. This requirement is therefore proven and established.

### D. Inference of Retaliatory Intent

In terms of the fourth requirement, you can make an inference that Defendant acted with retaliatory intent if Plaintiff shows by a preponderance of the evidence that she would not have been terminated but-for her taking FMLA leave. Plaintiff does not have to show that Defendant intended to violate the FMLA. Defendant's intent to terminate Plaintiff because of her FMLA protected absence, and the effects of such absence, is sufficient.

8

In order to establish but-for causation, Plaintiff is not required to show that her protected FMLA leave was the sole cause of her termination. The two sides in this case have alleged multiple but-for causes for Plaintiff's termination – Plaintiff claims she was terminated because she took FMLA leave. Defendant claims Plaintiff was terminated because her performance was bad. The reasons for termination put forth by Plaintiff and Defendant can all qualify as but-for causes and exist at the same time. However, if Plaintiff's FMLA-protected leave was a but-for cause of Plaintiff's termination, you must find that Defendant violated the FMLA and that Plaintiff's termination was wrongful, even if there were other but-for causes.

> [In Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 846, fn 5 (2d Cir. 2013), the Second Circuit examined the Supreme Court's but-for causation ruling in Nasser and stated in relevant part as follows:
>
> However, a plaintiff's injury can have multiple "but—for" causes, each one of which may be sufficient to support liability … Requiring proof that a prohibited consideration was a "but-for" cause of an adverse action does not equate to a burden to show that such consideration was the "sole" cause. See, e.g., Fagan v. U.S. Carpet Installation, Inc., 770 F.Supp.2d 490, 496 (E.D.N.Y.2011) (explaining that under the Age Discrimination in Employment Act "[t]he condition that a plaintiff's age must be the 'but for' cause of the adverse employment action is not equivalent to a requirement that age was the employer's only consideration, but rather that the adverse employment actions would not have occurred without it.") (citation omitted).
>
> In this case, the parties have put forward several alleged causes of the plaintiff's termination: retaliation, unsuitability of skills, poor performance, and inappropriate behavior … A jury should eventually determine whether the plaintiff has proved by a preponderance of the evidence that she did in fact complain about discrimination and that she would not have been terminated if she had not complained about discrimination."
>
> The Second Circuit in Kwan, 737 F.3d at 846, also noted that in addition to temporal proximity, "A plaintiff may prove that retaliation was a but-for cause of an adverse employment action by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action. From such discrepancies, a reasonable juror could conclude that the explanations were a pretext for a prohibited reason."]

9

### 3. Adverse Inferences[3]

During her deposition in this case, Plaintiff invoked her Fifth Amendment right and did not answer certain questions. You may infer that Plaintiff would have answered yes to such questions. However, you are not required to make such an inference. If you do make such an inference you may use it only to assess the credibility of Plaintiff in this case. However, it is your decision as to what weight or value to give to such evidence, and you may decide to give such evidence no weight or value at all.

### 4. Damages

Now that you have found in favor of Plaintiff on her wrongful termination claim under the FMLA, you must determine how much damages or money to award Plaintiff. Plaintiff is entitled to recover her wages lost as a result of her termination. You can calculate Plaintiff's lost wages by multiplying the weekly wages she received at the time she was terminated, by the number of weeks that Plaintiff was unemployed after she was terminated until the date of your verdict. Plaintiff's unemployment ended on December 7, 2015 when Plaintiff found a job.

Evidence of Plaintiff's wages earned from her current job has been presented to you. For the period from December 7, 2015 to today, Plaintiff is entitled to the difference between the amount she was earning at the time she was terminated by Defendant and the amount she earned while working at her current job.

#### A. After-acquired Evidence Defense

Defendant has asserted a defense to damages in this action based on information it claimed it acquired after Plaintiff was terminated. "Where an employer seeks to rely upon after-

---

[3] Once again, Plaintiff does not agree that adverse inferences should be permitted especially because such adverse inferences are inadmissible under the Federal Rules of Evidence. However, the Court has ruled on the issue, and we are following that ruling at this stage.

acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon v. Nashville Banner Pub. Co*., 513 U.S. 352, 362-63 (1995).

If Defendant proves this defense by a preponderance of the evidence, you may not award Plaintiff any damages or money after the date Defendant acquired the subject evidence.

### B. Mitigation of Damages Defenses

Defendant has claimed in this action that Plaintiff failed to mitigate her damages or lost wages. If order to prevail on this defense, Defendant must prove by a preponderance of the evidence that: (a) suitable work existed; and (b) the Plaintiff failed to make reasonable efforts to obtain it. *Broadnax v. City of New Haven*, 415 F.3d 265, 268 (2d Cir. 2005).

If Plaintiff proves the mitigation of damages defense, you may not award Plaintiff any damages for any period for which Defendant proves that Plaintiff failed to mitigate her damages.

 **Dated: Queens Village, New York**
 **March 28, 2016**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

   /s/ Abdul Hassan
**By: Abdul K. Hassan, Esq.**
*Counsel for Plaintiff Cassandra Woods*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000 - Email: abdul@abdulhassan.com

UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF NEW YORK

| Cassandra Woods, | Civil Action #: 13-CV-4719 (AMD)(SMG) |
| --- | --- |
| Plaintiff, | |
| -v- | Proposed Verdict Sheet (Liability Phase) |
| START Treatment & Recovery Centers, Inc., | |
| Defendant. | |

### I. FMLA INTERFERENCE CLAIM

1. Did Defendant interfere with Plaintiff's FMLA rights by not extending the May 2, 2012 deadline? (Circle one)

Yes / No

2. If you answered yes to question number 1 above, was Defendant's interference with Plaintiff's FMLA rights a negative factor in Plaintiff's termination?

Yes / No

### II. FMLA RETALIATION CLAIM

III. Would Plaintiff had been terminated by Defendant at the time she was terminated, if she did not take FMLA leave?

Yes / No

UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF NEW YORK

| Cassandra Woods, | Civil Action #: 13-CV-4719 (AMD)(SMG) |
|---|---|
| Plaintiff, | |
| -v- | **Proposed Verdict Sheet (Damages Phase)** |
| START Treatment & Recovery Centers, Inc., | |
| Defendant. | |

1. Did Defendant prove it's after acquired evidence defense by a preponderance of the evidence? (Circle one).

Yes / No

2. If you answered yes to question number 1 above, what was the date on which Defendant acquired the evidence that you find Defendant would have terminated Plaintiff for?

Date:_____

3. Did Defendant prove its failure to mitigation of damages defense for any period after Plaintiff was terminated by Defendant?

Yes / No

4. State the amount of damages in the form of lost wages that Plaintiff should be awarded:

$_____

13