# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                              Tel: 718-740-1000
Email: abdul@abdulhassan.com                                           Fax: 718-740-2000
*Employment and Labor Lawyer*                                          Web: www.abdulhassan.com

April 5, 2016

**Via ECF**

Hon. Ann M. Donnelly, USDJ
United States District Court, EDNY
225 Cadman Plaza East, Courtroom: 4G
Brooklyn, NY 11201
Tel: (718) 613-2140

      **Re: Cassandra Woods v. START Treatment & Recovery Centers, Inc.**
        **Case No.  13-CV-4719 (AMD)(SMG)**
        **Proposed Changes to Jury Instructions**

Dear Judge Donnelly:

  My firm represents Plaintiff is the above-referenced action, and I respectfully write pursuant to this Court's request that the parties submit changes to Your Honor's jury instructions in this matter. Plaintiff will provide the excerpts of Your Honor's jury instructions, along with proposed changes and the any necessary bases for the change. The pages corresponding to the current language is indicated in the excerpt and the subsequent changes are underlined for clarity.

Current language:

> The evidence in this trial included deposition testimony given by the plaintiff under oath, prior to trial. This included testimony in which she refused to answer certain questions from the defendant's counsel on the grounds that her answers to the questions would incriminate her. The plaintiff invoked her Fifth Amendment right against self-incrimination. A witness is permitted to invoke this right in a civil case
>
> However, from the plaintiff's invocation of the Fifth Amendment, you may draw certain conclusions, but you are not required to do

>so. Specifically, you may infer that the plaintiff's answers at her deposition (had she not refused to answer), would have confirmed the subject matter of the questions asked.
>
>You may draw these inferences against the plaintiff when you are evaluating the plaintiff's credibility. (pp. 6, 23)

Proposed change:

>The evidence in this trial included deposition testimony given by the plaintiff under oath <u>in September and December of 2014</u>, prior to trial. This included testimony in which she refused to answer certain questions by invoking her Fifth Amendment right against self-incrimination<u>, which she was permitted to do in this case</u>.
>
>However, from the plaintiff's invocation of the Fifth Amendment, you may draw certain inferences, but you are not required to do so. Specifically, you may infer that the plaintiff's answers to the subject questions at her deposition (had she not refused to answer), would have <u>been "Yes." to the questions asked, if she had not asserted the Fifth Amendment</u>.
>
><u>Should you draw these inferences,</u> you may draw these inferences against the plaintiff when you are evaluating the plaintiff's credibility. <u>Also, you may give these inferences whatever weight, including no weight, you may determine</u>.

Plaintiff recognizes that a change to this instruction was already discussed with Your Honor before the Court adjourned for the day today – Plaintiff merely suggests the inclusion of this language to aid the jury in their fact-finding process.

Current language:

>If you find that the plaintiffs leave was protected under the FMLA (as I previously explained it), you must decide whether the defendant denied the plaintiff her right under the FMLA to an extension of the May 2, 2012 work deadline and using that failure to meet the May 2, 2012 deadline as a negative factor in the decision to terminate her. The plaintiff is only entitled to an extension equal in length of time to her FMLA leave. (p. 12).

Proposed change:

> If you find that the plaintiffs leave was protected under the FMLA (as I previously explained it), you must decide whether the defendant denied the plaintiff her right under the FMLA to an extension of the May 2, 2012 work deadline and using that failure to meet the May 2, 2012 deadline as a negative factor in the decision to terminate her. <u>The plaintiff is entitled to a reasonable extension of deadline following her FMLA leave</u>.

Employees are permitted a reasonable extension of time to complete qualification programs necessary to retain their employment. *See* 29 C.F.R. § 825.215(b); *Martin v. Brevard Cnty. Pub. Sch.*, 543 F.3d 1261, 1268-69 (11th Cir. 2008) (employer's "improvement plan" for employee analogous to qualification programs discussed in 29 C.F.R. § 825.215(b), and thus employee was to be afforded reasonable opportunity to fulfill conditions upon his return to work).

Current language:

> The defendant has asserted a defense to damages based on information it claimed it acquired after the plaintiff was terminated. The so-called "after-acquired evidence doctrine" limits a plaintiff's ability to collect certain types of damages. This rule limits back pay remedies to salary lost from the date of the unlawful discharge until the date that the employer discovered the information which would have led to the plaintiff's termination on lawful grounds.
>
> If you find that the defendant would have terminated the plaintiff upon learning in January of 2013 that the Kings County District Attorney was investigating the plaintiff for the criminal conduct alleged during trial, then the plaintiff's back-pay damages must be limited to the time period beginning on the date of her termination and ending in January of 2013. (pp. 22-23).

Proposed changes:

> The defendant has asserted a defense to damages based on information it claimed it acquired after the plaintiff was terminated. The so-called "after-acquired evidence doctrine" limits a plaintiff's ability to collect certain types of damages. This rule limits back pay remedies to salary lost from the date of the unlawful discharge until the date that the employer discovered information which would have led to the plaintiff's termination on lawful grounds. <u>In order to meet its burden under this doctrine, defendant needs to prove by a preponderance of the evidence (1) the date in which defendant discovered information concerning plaintiff's wrongdoing; and (2) that the wrongdoing was of such</u>

> severity that plaintiff would have been terminated on those grounds alone when defendant had learned of it.
>
> If you find that the subpoena received by Defendant would have been grounds for plaintiff's termination, then the plaintiff's back-pay damages must be limited to the time period beginning on the date of her termination and ending in January of 2013. It is unlawful [under NY Corrections Law] to deny a person employment because of a conviction or perceived conviction unless it directly violates the requirements of the job.

This proposed change incorporates the legal standard articulated in *McKennon v. Nashville Banner Pub. Co.,* 513 U.S. 352, 362-63, and reiterates that the burden of proof for this affirmative defense falls on defendant. In addition, the wording of Your Honor's jury instruction suggests that defendant would have automatically knew of the allegations involved in the Grand Jury inquiry into plaintiff by virtue of their receipt of a subpoena for records in January, 2013. The proposed change clarifies that *what* Defendant knew is as relevant to the affirmative defense as *when* they knew it.

The Jury instructions also refer to the Fifth Amendment invocation in Plaintiff's deposition in September 2014 – so Defendant could not have known of this deposition in January 2013 – the jury instructions should be adjusted to reflect the date of the deposition.

In addition, Plaintiff is in receipt of Your Honor's Order, requesting that the parties be prepared to argue whether "but-for" causation applies to Plaintiff's interference claim and proposing a corresponding amendment to the jury instructions which reflects the changed standard. While Plaintiff fervently opposes the use of such a standard for Plaintiff's interference claim, Plaintiff would also like to reiterate her objection to the adoption of "but-for" causation as the standard for Plaintiff's retaliation claim, and ask that jury instructions reflecting the "negative factor" standard be adopted for both her interference and retaliation claims.

Also, while Plaintiff recognizes that this matter was briefly discussed before the Court, Plaintiff would also like to note that it continues to object to Your Honor's instructions regarding the bifurcated trial process, to the extent that it improperly incentivizes and encourages jurors to rule in defendant's favor regarding liability so as to avoid having to deliberate a separate time regarding damages and go home early.

Tthe Court urged the parties to try to reach agreement on certain other matters such as the protected leave issue, and we will confer further about this and other matters with each other and the Court on 4/6/2016.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

<u>/s/ Abdul Hassan</u>
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:     Defense Counsel via ECF**